**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SIMONE M. DICKSON,

                            Plaintiff,                    No. 1:22-CV-437

            v.                                  (DNH/CFH)
                                                        No. 1:22-CV-943

MITTA, et al.,                                      (GTS/CFH)

                           Defendants.

---

**APPEARANCES:**

Simone M. Dickson
590 Third Street
2nd Floor
Albany, New York 12206
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. Background

Plaintiff pro se Simone M. Dickson ("plaintiff") purported to commence an action in the United States District Court for the Northern District of New York on May 4, 2022, by filing a complaint. See Dickson v. Mitta et al., 1:22-CV-437 (DNH/CFH) ("Dickson I"), Dkt. No. 1. In lieu of paying this Court's filing fee, she submitted a motion to proceed in forma pauperis ("IFP"). See id. at Dkt. No. 2. Plaintiff filed a similar complaint and an identical IFP application in the United States District Court for the District of Columbia on July 8, 2022. See Dickson v. Capitol Psychiatrist Center, et al., 1:22-CV-943 (GTS/CFH) ("Dickson II"), Dkt. Nos. 1, 2. The District of Columbia transferred the

complaint to the Northern District of New York on September 12, 2022.  See id. at Dkt. No. 4.

The complaints raise identical claims against the same defendants but have two differences.  First, in the case caption on the first page of both complaints, plaintiff names "Capitol District Psychiatrist Center."  See Dickson I, Dkt. No. 1 at 1; Dickson II, Dkt. No. 1 at 1.  However, the Northern District of New York did not include the institution as a defendant on the docket.  See Dickson I.  Second, plaintiff attaches to her complaint originally filed in the District of Columbia numerous exhibits that she did not submit with her complaint originally filed in the Northern District of New York.  See Dickson II, Dkt. No. 1-1 at 13, 16-17, 21-53.  The undersigned determines that, for the convenience of the parties and for the sake of judicial efficiency, the two actions should be consolidated under case No. 1:22-CV-437, the first filed complaint.  Additionally, the Capital District Psychiatric Center[1] ("CDPC") should be named as a defendant on the docket.  The undersigned has reviewed plaintiff's identical IFP motions and determines that she financially qualifies to proceed IFP for the purpose of filing.[2]

## II. Initial Review

### A. Legal Standard

---

[1] Plaintiff spelled the Center's name as "Capitol" and "Psychiatrist[,]" but the appropriate title is "Capital District Psychiatric Center."  New York State Office of Mental Health, Capital District Psychiatric Center, https://omh.ny.gov/omhweb/facilities/cdpc/ (last visited Oct. 17, 2022).  The Clerk of Court is directed to spell the name as "Capital District Psychiatric Center."
[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action.

Section 1915[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted).  This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]"  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when

---

[3] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to

comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citation omitted). If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

## B. Plaintiff's Complaints

Plaintiff contends that she was under the medical care of "Nurse Abna" from September 7, 2017, through November 2017; "Dr. Mitta was from August 2021 to present"; and "Iyna Maynor was from January 2022 to present." Dickson I, Dkt. No. 1 at 4; Dickson II, Dkt. No. 1 at 4. Plaintiff alleges that "Nurse Abna purposefully tried to poison me medicinally with intent to kill me but I refused the medicine[]"; Dr. Mitta went against [the Health Insurance Portability and Accountability Act ("HIPPA")] and purposely up my dosage for no reason and I was human trafficked and kidnapped[]"; and "Iyna Maynor went against her objective at the company and tried to take control of my finances and she took my unemployment for nothing didn't give me medicine." Id. Plaintiff attaches documents from the Supreme Court of the Third Judicial District in

Albany, New York, dated May and June 2022, which authorized CDPC to administer medicine to plaintiff and involuntarily detain her.[4]  See Dickson II, Dkt. No. 1-1 at 33-36. She also submits a claim form for the State of New York Court of Claims concerning the same defendants and allegations.  See id. at 16-17.  She includes an evaluation and discharge summary from CDPC, affidavits from physicians at CDPC concerning the need to retain and involuntary medicate plaintiff, and letters from CDPC to plaintiff explaining their applications to the court.    See id. at 24-29, 39-41, 42-53.

Plaintiff purports to bring this action under 18 U.S.C. §§ 1039, 1113, 3435, 3481. See Dickson I, Dkt. No. 1 at 3.  Plaintiff asserts that defendants' conduct is a "hate crime[,]" and she complains of retaliation, "ignorance, bribery, attempt [sic] murder, [and] intentional tort[.]"  Id. at Dkt. No. 1-1 at 2.  Plaintiff states that she "would like" defendants "to be fired," "would like them to be prosecuted criminally," and she is "sueing [sic] them financially."  Id. at 4.  Plaintiff seeks "405 million from CDPC – Dr. Mitta, Iyna Maynor/Nurse Abna 3 million a month for life."  Id. at 5.

### C.  Analysis

### 1.  Jurisdiction

Plaintiff's complaint fails to establish this Court's subject matter jurisdiction.  See Dickson I, Dkt. No. 1; Dickson II, Dkt. No. 1.  Subject matter jurisdiction can be established either through federal question or diversity jurisdiction.  Under 28 U.S.C. § 1331, a case "arising under the Constitution, laws, or treaties of the United States[]" is a

---

[4] Because of plaintiff's pro se status, the undersigned has considered the allegations in the complaints along with the documents attached thereto.  See, e.g., Anthony v. Murphy, No. 5:15-CV-00450 (DNH/TWD), 2015 WL 1957694, at *1 n.1 (N.D.N.Y. Apr. 28, 2015) ("[I]n light of [the p]laintiff's pro se status, the Court has considered the allegations in, and attachments to, both [the p]laintiff's original and amended/supplemental complaints upon its initial review."), report and recommendation adopted, No. 5:15-CV-450 (DNH/TWD), 2015 WL 3409261 (N.D.N.Y. May 27, 2015).

federal question case.  Under 28 U.S.C. § 1332(a), a case in which a citizen of one State sues a citizen of another State, and the amount in controversy is more than $75,000, is a diversity case.  If the Court has subject matter jurisdiction over federal claims, the Court may choose to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

Plaintiff has not named a constitutional provision under which she seeks to bring a cause of action.  See generally Dickson I; Dickson II.  Plaintiff references various criminal statutes under Title 18 of the Federal Criminal Code.  See Dickson I, Dkt. No. 1 at 3; Dkt. No. 1-4 at 1-3.  Plaintiff cites 18 U.S.C. § 1039, regarding "[f]raud and related activity in connection with obtaining confidential phone records information of a covered entity"; 18 U.S.C. § 1113, governing "[a]ttempt to commit murder or manslaughter"; 18 U.S.C. § 3435, concerning "[r]eceiver of stolen property triable before or after principal"; and 18 U.S.C. § 3481, regarding "[c]ompetency of accused[.]"  See Dickson I, Dkt. No. 1 at 3.  None of these statutes provide for a private cause of action.  See Strujan v. De Blasio, No. 16-CV-3150 (RRM/SMG), 2019 WL 1406630, at *2 (E.D.N.Y. Mar. 26, 2019)[5] (citing Leeke v. Timmerman, 454 U.S. 83, 86 (1981)) ("A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual.").

---

[5] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

To the extent that plaintiff claims her HIPPA rights were violated, "there is no private right of action under HIPAA, express or implied." Meadows v. United Servs., Inc., 963 F.3d 240, 242 (2d Cir. 2020) (per curiam). "Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." Id. at 244. As HIPPA does not provide for a private cause of action, plaintiff cannot state a cognizable claim, and any purported claim must be dismissed. See id. In sum, plaintiff has not established federal question jurisdiction.

Similarly, plaintiff has not purported to sue a citizen of a different state; thus, diversity jurisdiction does not exist. See Dickson I, Dkt. No. 1 at 3. First, CDPC is run by the Office of Mental Health of the State of New York.[6] It is well established that "a State is not a 'citizen' for purposes of the diversity jurisdiction." Moor v. Alameda Cnty., 411 U.S. 693, 717 (1973). Further, "an arm of the state . . . is not a citizen of any state[,]" and, as such, "cannot be 'diverse'[.]" Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 118 (2d Cir.), as amended (Nov. 12, 2014), certified question accepted, 22 N.E.3d 187 (2014), and certified question answered, 35 N.E.3d 481 (2015).

Second, plaintiff lists Dr. Mitta's and Iyna Maynor's addresses as the CDPC location in Schenectady, New York; and Nurse Abna's address as the CDPC location in Albany, New York. See Dickson I, Dkt. No. 1 at 2. Plaintiff writes that Dr. Mitta is a citizen of New York and India. See id. at 3. To establish diversity jurisdiction, "it must be determined . . . whether [the defendant] was a citizen of—i.e., domiciled in—a state other than the state in which" the plaintiff is a citizen. Durant, Nichols, Houston,

---

[6] See New York State Office of Mental Health, Capital District Psychiatric Center, https://omh.ny.gov/omhweb/facilities/cdpc/index.htm (last visited Oct. 17, 2022).

Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009) (internal citations omitted).  Plaintiff's notation that Dr. Mitta is a citizen of India is insufficient to establish diversity jurisdiction because she notes that he is also a citizen of New York, and she has listed his address as in Schenectady, New York.  See McElroy v. Gemark Alloy Ref. Corp., 592 F. Supp. 2d 508, 510, n.1 (S.D.N.Y. 2008) ("For diversity purposes, citizenship depends upon domicile, not residence.  An individual can have more than one state of residence, but only one state of domicile.").  As plaintiff states that she is from Albany, New York, which is where it appears that all of the defendants are domiciled, she has failed to establish diversity jurisdiction.

As subject matter jurisdiction has not been established, the Court cannot exercise supplemental jurisdiction over any purported state law claims such as plaintiff's reference to "Bribery" and "Intentional Tort."  Dickson I, Dkt. No. 1-1 at 2; see Kolari v. New York Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (citing 28 U.S.C. § 13672(c)(3)) (explaining that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).  Accordingly, as plaintiff has not established this Court's jurisdiction, the undersigned recommends dismissing the purported complaint without prejudice.  See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

## 2.  Potential Claims

Affording plaintiff the special solicitude that is required when reviewing pro se complaints, her complaint could be seen as raising claims under the Fourteenth

Amendment Due Process Clause pursuant to 42 U.S.C. § 1983 and the False Claims Act.  For the following reasons, her claims fail.

Section 1983 authorizes private causes of action for constitutional violations against "[e]very person" acting under the color of law.  42 U.S.C. § 1983.  To state a cognizable claim, plaintiff must allege state action.  See Afonso v. Albany Med. Ctr., No. 1:14-CV-876 (LEK/RFT), 2014 WL 4988271, at *2 (N.D.N.Y. Sept. 8, 2014)  (dismissing claims because "[a]lthough [the p]laintiff utilizes the *pro forma* complaint used by individuals seeking to sue pursuant to Section 1983 and generally decries the alleged violation of her 'federal rights,' she cannot assert a cause of action under § 1983 . . . because she has not identified any federal constitutional right that has been violated[]" and "[t]here is no allegation that Defendants acted under color of state law with regard to the alleged false diagnoses and claims."), report and recommendation adopted as modified, 2014 WL 4988276 (N.D.N.Y. Oct. 7, 2014).  Plaintiff has not alleged a violation of a constitutional right or state action sufficient to bring a claim under § 1983. As such, the undersigned recommends dismissing any purported § 1983 claim. Moreover, CDPC is immune from suit, claims against Nurse Abna are barred by the statute of limitations, and plaintiff has failed to state a claim against either Dr. Mitta or Iyna Maynor.

### a.  Capital District Psychiatric Center

"States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity."  Whole Woman's Health v. Jackson, 142 S. Ct. 522, 532 (2021).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are,

effectively, arms of a state." Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted).

CDPC is run by New York State Office of Mental Health. See supra at 8, n.6. This Court has concluded that CDPC is a state actor and is, in turn, immune from suit under the Eleventh Amendment. See Afonso, 2014 WL 4988276, at *1. Cases from the other New York district courts have similarly held that Office of Mental Health-run psychiatric centers are entitled to Eleventh Amendment immunity. See Leon v. Rockland Psychiatric Ctr., 232 F. Supp. 3d 420, 430-31 (S.D.N.Y. 2017) (determining that the Rockland Psychiatrist Center was immune from suit and claims against it must be dismissed with prejudice) (collecting cases); see also Limwongse v. NYS Off. of Mental Health, 249 F. App'x 862, 862-63 (2d Cir. 2007) (summary order) ("[W]e agree with the district court that, because the New York State Office of Mental Health and Pilgrim Psychiatric Center are state agencies, they are protected by Eleventh Amendment immunity from appellant's suit for monetary damages.").

Plaintiff completed a form titled "Complaint and Request for Injunction" but states that she is seeking to sue defendants "financially" and her prayer for relief is for "405 million" dollars. Dickson I, Dkt. No. 1 at 1; Dkt. No. 1-1 at 4-5. As the Center is an arm of New York State and plaintiff seeks monetary damages, CDPC is immune from suit. See Vasquez v. New York State Off. of Mental Health, No. 9:16-CV-0320, 2016 WL 1312567, at *4 (N.D.N.Y. Apr. 4, 2016) ("[I]nsofar as plaintiff seeks an award of money damages pursuant to Section 1983 against the [New York State Office of Mental Health] and [Central New York Psychiatric Center], those claims are barred by the Eleventh

11

Amendment and are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).").

To the extent plaintiff's complaint was written on a form for injunctive relief, § 1983 mandates that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983. Plaintiff has not alleged that a declaratory decree was violated, or that declaratory relief was unavailable. See generally Dickson I, Dkt. No. 1; Dickson II, Dkt. No. 1. Accordingly, were plaintiff to establish this Court's subject matter jurisdiction, she would not be able to bring a § 1983 claim against CDPC as it is immune from suit.

### b. Individual Defendants as State Actors and Statute of Limitations

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that h[er] constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178, 186 (2d Cir. 2005). Plaintiff asserts that Nurse Abna tried to give her medication, and Dr. Mitta increased her dosage of medication, without her consent. See Dickson I, Dkt. No. 1 at 4. As plaintiff provides no context to either individual's alleged conduct, it is unclear whether Nurse Abna and Dr. Mitta are state actors. Plaintiff does not allege that either individual was a state actor or explain where they worked at the time of the alleged conduct. See generally Dickson I, Dkt. No. 1; Dickson II, Dkt. No. 1. However, because she lists their addresses as CDPC, the undersigned will assume that the individuals are state actors for the purpose of reviewing potential claims. See Ferguson v. City of Charleston, 532 U.S. 67, 76

("Because [Medical University of South Carolina] is a state hospital, the members of its staff are government actors[.]").

As to Nurse Abna, plaintiff states that "[t]he events took place with Nurse Abna at 75 New Scotland Ave between Sept 7th 2017 through November 2017."  Dickson I, Dkt. No. 1 at 4.  "[T]he statute of limitations for a cause of action brought pursuant to 42 U.S.C. § 1983 is three years, and it accrues when the plaintiff knows or has reason to know of the injury that forms that basis of his action."  Forjone v. Federated Fin. Corp. of Am., 816 F. Supp. 2d 142, 153, n.6 (N.D.N.Y. 2011).  Even assuming that plaintiff was not aware of the injuries suffered from Nurse Abna until November 2017, plaintiff had until November 2020 to file her claim.  Plaintiff did not file her complaint until May 4, 2022.  See generally Dickson I, Dkt. No. 1.  As such, any claim against Nurse Abna is time-barred.[7]

### c. Rules 8 and 10 of the Federal Rules of Civil Procedure and Failure to State a Claim

As to Dr. Mitta and Iyna Maynor, plaintiff's complaint fails to meet the pleading requirements of Rules 8 and 10 and fails to state a claim for which relief could be granted.  See FED. R. CIV. P. 8, 10.  Plaintiff's complaint does not present a short and plain statement of the claim showing that she is entitled to relief.  See FED. R. CIV. P. 8. She also does not present her claims in numbered paragraphs, limited to one "circumstance" per paragraph.  FED. R. CIV. P. 10.  Plaintiff does not provide any context

---

[7] Plaintiff does not allege that there was an on-going policy concerning the alleged acts that would allow for the continuing violations doctrine to save her time-barred claim.  See Konigsberg v. Lefevre, 267 F. Supp. 2d 255, 262 (N.D.N.Y. 2003) (quoting Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir.1998)) ("The 'continuing violation exception extends the limitations period for all claims of wrongful acts committed under an ongoing policy of doing so, even if those acts, standing alone, would have been barred by the statute of limitations.'").

for her allegations of involuntary medication and HIPPA violations other than references to "August 2021 to present" and "Jan. 2022 to present."  Dickson I Dkt. No. 1 at 4.  Plaintiff lists numerous criminal statues under which she purports to bring her complaint but she fills out forms concerning an injunction, Title VII, 42 U.S.C. § 1983, the Americans with Disabilities Act, and Criminal Complaints.  See id. at 1, 3; Dkt. No. 1-1 at 1; Dkt. No. 1-2 at 1; Dkt. No. 1-3 at 1; Dkt. No. 1-4 at 1.  Plaintiff attached numerous exhibits from May and June 2022 regarding her commitment to CDPC and involuntary treatment but presents no factual allegations concerning the attachments.  See Dickson II, Dkt. No. 1-1 at 33-36.  Plaintiff's lack of specificity or explanation as to the underlying allegations "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales, 167 F.R.D. at 355; see also Laspisa v. Citifinancial Does 1 to 20, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017) ("A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court."), report and recommendation adopted sub nom. Laspisa v. CitiFinancial, 2017 WL 3769570 (N.D.N.Y. Aug. 29, 2017).

To the extent a due process claim against Dr. Mitta can be surmised for "purposely" increasing plaintiff's medication "for no reason[,]" plaintiff fails to state a claim for relief.  See case No. 1:22-CV-437, Dkt. No. 1 at 4.  "To succeed on a procedural due process claim, a plaintiff must establish that (1) [s]he possessed a liberty interest, and (2) defendants deprived h[er] of that interest through insufficient

process." Mejia v. N.Y.C. Health & Hosps. Corp., No. 16-CV-9706, 2018 WL 3442977, at *6 (S.D.N.Y. July 17, 2018). "Psychiatric patients have a 'significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment[.]'" Lurch v. Chaput, No. 16-CV-2517 (AT), 2022 WL 889259, at *8 (S.D.N.Y. Mar. 25, 2022) (quoting Washington v. Harper, 494 U.S. 210, 221-22 (1990)). "[T]he Second Circuit has held that 'due process requires an opportunity for hearing and review of a decision to administer antipsychotic medication—but such a hearing need not be judicial in nature.'" Fisk v. Letterman, 501 F. Supp. 2d 505, 526 (S.D.N.Y. 2007) (Project Release v. Prevost, 722 F.2d 960, 967 (2d Cir. 1983)).

The "substantive component" of the Due Process Clause of the Fourteenth Amendment "protects against certain government actions regardless of the fairness of the procedures used to implement them.'" Doe v. Zucker, 520 F. Supp. 3d 217, 249 (N.D.N.Y. 2021), aff'd sub nom. Goe v. Zucker, 43 F.4th 19 (2d Cir. 2022) (quotation marks omitted) (quoting Immediato v. Rye Neck Sch. Dist., 73 F.3d 454, 460 (2d Cir. 1996)). "Forcing [antipsychotic] drugs on a patient is unconstitutional 'absent a finding of overriding justification and a determination of medical appropriateness' by a medical professional." Mejia, 2018 WL 3442977, at *10 (quoting Riggins v. Nevada, 504 U.S. 127, 135 (1992)).

"Neither the Second Circuit nor the Supreme Court has 'identified the circumstances under which the State may administer psychotropic drugs against the will of an involuntarily committed patient without violating substantive due process.'" Fisk, 501 F. Supp. 2d at 524 (Graves v. MidHudson, No. 04-CV-3957, 2006 WL 3103293, at

*4 (E.D.N.Y. Nov. 2, 2006)).  Applying the standards set forth by the Supreme Court of the United States for the forcible medication of prison inmates to persons who are involuntarily committed, the Eastern District of New York has held that "the State may only administer psychotropic drugs over the objection of an involuntarily committed patient if (1) the patient is incompetent to make medical decisions, (2) the patient is dangerous to himself or others, and (3) the treatment is in the patient's medical interest."  Graves, 2006 WL 3103293, at *4.  The Second Circuit has stated that "a doctor will not be liable under § 1983 for the treatment decisions she makes unless such decisions are such a substantial departure from accepted judgment, practice, or standards as to demonstrate that [she] actually did not base the decision on such a judgment."  Fisk, 501 F. Supp. 2d at 525 (quotation marks omitted) (quoting Kulak v. City of N.Y., 88 F.3d 63, 75 (2d Cir. 1996)).

Plaintiff has not asserted a procedural or substantive due process claim.  See generally Dickson I, Dkt. No. 1; Dickson II, Dkt. No. 1.  Based on her attachments, it appears that plaintiff was afforded a hearing and opportunity for review of the decision to involuntary medicate her.  See Dickson II, Dkt. No. 1-1 at 33-53.  Plaintiff also has not alleged "that the defendants' decision to medicate her against her will deviated from accepted medical standards."  Fisk, 501 F. Supp. 2d at 525.  As such, plaintiff has failed to state a due process claim on which relief could be granted.  See Meyers v. Health & Hosps. Corp., No. 14-CV-7448 (CBA/LB), 2016 WL 2946172, at *10 (E.D.N.Y. May 18, 2016) (citations omitted) (dismissing involuntary commitment and medication claims because the plaintiff "does not allege that he has not received the process prescribed by the statutes for involuntary commitment or forcible medication.  To the contrary, the

documents included with his filings demonstrate that he received or is currently

receiving this process.  Dr. Kinyamu's affidavit in support of the January 28, 2016, Order

to Show Cause for Medication over Objection states that Dr. Kinyamu examined [the

plaintiff] as part of the administrative review of his objection.  And the Order to Show

Cause itself makes clear that Meyers is currently receiving, or has received, judicial

review.").  It is, therefore, recommended that any purported due process claim against

Dr. Mitta be dismissed without prejudice.[8]

Next, plaintiff asserts that "Iyna Maynor falsif[i]ed documents and she tried to

take my money by writing to Social Security to control my finance ("Domestic Violence"

Financial Abuse) and also my unemployment."  Dickson I, Dkt. No. 1-2 at 3.  Affording

plaintiff's pro se complaint the requisite liberal reading, she could be asserting a claim

under the False Claims Act.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471,

477 (2d Cir. 2006) (citations omitted) ("[A] pro se litigant is entitled to 'special solicitude,'

that a pro se litigant's submissions must be construed 'liberally,' and that such

submissions must be read to raise the strongest arguments that they 'suggest[.]'").  The

---

[8] Plaintiff does not state where Dr. Mitta was working at the time of the alleged conduct, and she does not explain whether she seeks to sue Dr. Mitta in his or her personal and/or official capacities.  See generally Dickon I, Dkt. No. 1.  The state court orders and affidavits from CDPC do not mention Dr. Mitta.  See Dickson II, Dkt. No. 1-1 at 33-48.  If plaintiff seeks to sue Dr. S. Mitta in his or her official capacity and he or she is a state actor, it is likely he or she is immune from suit under Eleventh Amendment immunity or quasi-judicial immunity.  See Webster v. Fischer, 694 F. Supp. 2d 163, 197 (N.D.N.Y.), aff'd, 398 F. App'x 683 (2d Cir. 2010) (summary order) ("[A] state official is sued for damages in his or her official capacity, the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); Walton v. Rubel, No. 16-CV-1989 (ENV/LB), 2018 WL 3369664, at *3 (E.D.N.Y. July 10, 2018) (collecting cases) ("District courts in this circuit have, in a similar fashion, applied quasi-judicial immunity to medical professionals who conduct court-ordered examinations and prepare reports pertaining to a defendant's competency to stand trial.").  If he or she is being sued in his personal capacity, and he was acting pursuant to court orders, he is likely entitled to qualified immunity.  See, e.g., Fisk, 501 F. Supp. 2d at 525 (quoting Graves, 2006 WL 3103293, at *3-4) ("[B]ecause 'neither the Supreme Court nor the Second Circuit has defined the circumstances under which forcible medication of an involuntarily committed patient is prohibited,' Dr. Roman, Dr. Ciric, and Dr. Castaneda are entitled to qualified immunity."); Meyers v. Health & Hosp. Corp., No. 13-CV-1258 (CBA/LB), 2014 WL 4160796, at *6 (E.D.N.Y. Mar. 28, 2014) (holding the same), report and recommendation adopted, 2014 WL 4161975 (E.D.N.Y. Aug. 19, 2014).

False Claims Act imposes civil liability upon "any person" who "knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval [or who] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim[.]" 31 U.S.C. § 3729(a)(1)(A), (B). "A civil action may be brought pursuant to this Act by either the federal government or by a private person, known as a relator, in a qui tam action that is brought in the name of the federal government." Afonso, 2014 WL 4988271, at *3 (citation omitted).

First, plaintiff has not alleged information sufficient to state claim other than the single conclusory statement that Iyna Maynor submitted false documents to the Social Security Administration. See Dickson I, Dkt. No. 1-2 at 3; see also LaPietra v. City of Albany Police Dep't, No. 9:19-CV-1527 (TJM/TWD), 2021 WL 1345520, at *5 (N.D.N.Y. Apr. 12, 2021) ("Conclusory allegations without any supporting factual allegations are insufficient to state a claim."), report and recommendation adopted, 2021 WL 1940292 (N.D.N.Y. May 14, 2021). Second, "the Second Circuit has determined that [False Claims Act] claims may not be brought *pro se.*" Afonso, 2014 WL 4988271, at *3 (citing United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d at 93)). As such, were plaintiff to establish subject matter jurisdiction, she could not pro se bring a cause of action against Iyna Maynor under the False Claims Act. See id.; see also Incorvati v. CIS Ombudsman, No. 1:21-CV-0280 (MAD/CFH), 2021 WL 2766993, at *3, n.3 (N.D.N.Y. July 2, 2021) (explaining that the "plaintiff's complaint is void both of any reference to the False Claims Act or any explanation as to how his action is brought pursuant to that statute[]" and "even if [the] plaintiff's claim did involve the False Claims

Act, it would not be properly brought by [the] plaintiff pro se."), report and recommendation adopted, 2021 WL 3417830 (N.D.N.Y. Aug. 5, 2021).

### 3. Rooker-Feldman Doctrine

It is likely that the complaint is barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-15 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under this doctrine, subject matter jurisdiction is precluded "when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." Meyers v. Health & Hosp. Corp., No. 13-CV-1258 (CBA/LB), 2014 WL 4160796, at *3 (E.D.N.Y. Mar. 28, 2014) (quoting McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010)), report and recommendation adopted, 2014 WL 4161975 (E.D.N.Y. Aug. 19, 2014). The doctrine prohibits this Court's intervention into state court orders concerning involuntary medication. See Middleton v. United States, 10-CV-6057, 2012 WL 394559, at *5 (E.D.N.Y. Feb.7, 2012)) ("Numerous cases hold that a plaintiff may pursue a section 1983 claim arising from involuntary commitment and forced medication. However, 'to the extent plaintiff is attempting to assert a Section 1983 claim against these defendants based upon her belief that the involuntary commitment orders . . . were illegal, such claim is barred by the *Rooker-Feldman* doctrine.'"); Lombardo v. Freebern, No. 16-CV-7146 (KMK), 2019 WL 1129490, at *16 (S.D.N.Y. Mar. 12, 2019) ("[T]o the extent [the p]laintiff seeks to challenge the New York State Court order authorizing changes to [the p]laintiff's medication over his objection, that claim is barred by the Rooker-Feldman

doctrine."); <u>Capers v. Kirby Forensic Psychiatric Ctr.</u>, No. 13-CV-6953 (AJN), 2016 WL 817452, at \*3 (S.D.N.Y. Feb. 25, 2016) (same).  The undersigned cannot confidently conclude at this juncture that the doctrine bars the Court's intervention because plaintiff has provided next-to-no information about the purported defendants' conduct—when, where, why, or how it allegedly occurred.  <u>See</u> <u>generally</u> Dickson I, Dkt. No. 1; Dickson II, Dkt. No. 1.  However, to the extent the actions were taken pursuant to court orders, this Court would likely lack subject matter jurisdiction.


### III.  Opportunity to Amend

Generally, a court should not dismiss a complaint without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  <u>Branum v. Clark</u>, 927 F.2d 698, 704-05 (2d Cir. 1991).  "[A]n opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile."  <u>Trombley v. O'Neill</u>, 929 F. Supp. 2d 81, 106 (N.D.N.Y. 2013).  The Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a <u>pro</u> <u>se</u> plaintiff's complaint to proceed.  <u>See, e.g.</u>, <u>Fitzgerald v. First East Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may <i>sua sponte</i> dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'"  <u>Aguilar v. United States</u>, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at \*2 (D. Conn.

Nov. 8, 1999) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 319 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

Plaintiff's complaint does not establish this Court's jurisdiction; thus, the claims must be dismissed without prejudice.  See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]").  However, were plaintiff to establish subject matter jurisdiction, the claims against Nurse Abna would be barred by the statute of limitations, she could not pro se bring a False Claims Act claim against Iyna Maynor, and the claims against CDPC would be barred by Eleventh Amendment immunity.  Accordingly, the undersigned recommends dismissing the complaint against CDPC, Nurse Abna, and Iyna Maynor without prejudice but without leave to amend.[9]

---

[9] The undersigned notes that plaintiff has a history of filing actions in the Northern District of New York, Southern District of New York, and District of Columbia—some of which are identical to each other, most of which have been transferred to one of the other two courts for improper venue, and few which have reached a stage of review on the merits: (1) United States District Court, District of Columbia cases: Dickson v. King, 1:22-CV-1053, Dkt. No. 4 (dismissed complaint under Fed. R. Civ. P. 7 and 10); Dickson v. Bisnott, 1:22-CV-1054, Dkt. No. 4 (complaint against Albany Family Court and dismissed under Fed. R. Civ. P. 7 and 10); Dickson v. Capital District Psychiatrist Center, et al., 1:22-CV-1981 (transferred to N.D.N.Y.); Dickson v. Fletcher, et al., 1:22-CV-2016 (pending complaint filed 7/27/22); Dickon v. Hughes, et al., 1:22-CV-2017 (pending complaint filed 7/27/22 against Schenectady Family Court); Dickson v. Melius, et al., 1:22-CV-2363 (pending complaint filed 8/10/22); Dickson v. Barnes, et al., 1:22-CV-2698 (pending complaint filed 9/7/22); Dickson v. Vanhousen, et al., 1:22-CV-2731 (pending complaint filed 9/26/22 against Schenectady County jail); (2) Southern District of New York cases: Dickson v. Barnes, 1:22-CV-4033, Dkt. No. 6, 8 (transferred from N.D.N.Y. to S.D.N.Y. which granted IFP and ordered service); Dickson v. Schenectady Police Dept., 1:21-CV-5962 (transferred to N.D.N.Y.); Dickson v. Albany Family Court, et al., 1:22-CV-2239 (transferred to N.D.N.Y.); Dickson v. Schenectady Family Court, 1:22-CV-2804 (transferred to N.D.N.Y.); (3) Northern District of New York cases: Dickson v. Barnes, 1:22-CV-

Despite plaintiff failing to provide specific context for her allegations or name a statute or Constitutional provision under which she seeks to bring this action, the undersigned recommends affording plaintiff an opportunity to amend her complaint as to Dr. Mitta.  There is no indication of whether Dr. Mitta is state actor, whether plaintiff was involuntarily committed, or whether Dr. Mitta was acting pursuant to a court order at the time of his alleged conduct.  See generally Dickson I, Dkt. No. 1; Dickson II, Dkt. No. 1-1.  If that information is provided, it is plausible that plaintiff could state a claim for involuntary medication against Dr. Mitta for the increase in her medication without her consent sufficient to survive initial review.  See Laspisa, 269 F. Supp. 3d at 13-14 (citations and quotation marks omitted) ("Dismissal [] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintellig[i]ble that its true substance, if any, is well disguised.  In those cases in which the court dismisses a pro se complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous.").  Thus, it is recommended that the complaint against Dr. S. Mitta be dismissed without prejudice and with leave to amend.

As the undersigned recommends consolidating the cases, plaintiff is advised that should the District Judge adopt this Report-Recommendation and Order and permit amendment of the complaint as to Dr. Mitta, plaintiff should file a single amended

---

423 (transferred to S.D.N.Y.); Dickson v. Schenectady Police Dept., 1:23-CV-825, Dkt. No. 7, 55, 72, 74 (administratively closed for failure to comply with filing fee or IFP application, motion to dismiss granted as to all but one defendant, final defendant dismissed for failure to effectuate service); Dickson v. Albany Family Court, et al., 1:22-CV-327 (administratively closed for failing to pay filing fee or submit proper IFP application); Dickson v. Schenectady Family Court, 1:22-CV-499 (pending IFP review).

complaint addressing the deficiencies outlined in this Report-Recommendation and Order.

## IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Case No. 1:22-CV-437, Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint against the Capital District Psychiatric Center, Nurse Abna, and Iyna Maynor be **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and it is further

**RECOMMENDED**, that plaintiff's complaint against Dr. S. Mitta be **DIMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**;[10] and it is further

**RECOMMENDED**, that Dickson v. Mitta et al., Case Number 1:22-CV-437, (filed May 4, 2022) be consolidated for all purposes with Dickson v. Capitol District Psychiatrist Center, et al., Case Number 1:22-CV-943, (filed July 8, 2022); and it is further

**RECOMMENDED**, that Dickson v. Mitta et al., 1:22-CV-437 (DNH/CFH) be designated as the Lead Case, and Dickson v. Capitol District Psychiatrist Center, et al., 1:22-CV-943 (GTS/CFH) be designated as the Member Case, and that all further submissions be filed in the Lead case only, except for the filing of this Report-

---

[10] Should the District Judge adopt this Report-Recommendation & Order, permitting plaintiff file an amended complaint, plaintiff is advised that any amended complaint will supersede and replace the original complaint in its entirety.  Plaintiff is not permitted to incorporate by reference any portion of earlier complaints.

Recommendation and Order, any objections, and any Decision & Order reviewing this Report-Recommendation and Order; and it is

**ORDERED**, that the Clerk of the Court shall reassign <u>Dickson v. Capitol District Psychiatrist Center, et al.</u>, to Hon. David Hurd as District Judge and to the undersigned as Magistrate Judge; and it is further

**ORDERED**, that the Clerk of Court name the Capital District Psychiatric Center as a defendant on the docket of the Lead Case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[11]

Dated: October 24, 2022
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[11] If you are proceeding <u>pro se</u> and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  <u>Id.</u> § 6(a)(1)(c).